**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANEITRA ROBINSON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-24-0829-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DATE:  July 6, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daneitra Robinson, Fairfax, Virginia, pro se.

Diane Tardiff, Bedford, Massachusetts, for the agency.

Winnie J. Reaves, Esquire, Winston-Salem, North Carolina, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as premature.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On August 7, 2024, the agency issued its decision to remove the appellant from her GS-05 position as a Medical Support Assistant, effective August 23, 2024. Initial Appeal File (IAF), Tab 5 at 10-14. At the time of her removal, the appellant had at least one pending equal employment opportunity (EEO) complaint with the agency. *Id.* at 9. On or around August 8, 2024, the appellant informed the agency that she wished to amend her existing complaint to include her removal. IAF, Tab 6 at 4-5. By letter dated August 15, 2024, the agency's Office of Resolution Management, Diversity, and Inclusion notified the appellant that it accepted the appellant's amendment on August 13, 2024. *Id.* at 4-9.

On August 19, 2024, the appellant filed the instant Board appeal and indicated that she was appealing a number of agency actions.[2] IAF, Tab 2 at 2. The agency provided information pertaining to its removal action and the appellant provided the agency's letter noting that she amended her EEO complaint to include her removal. IAF, Tabs 5, 6. The administrative judge held a status conference with the parties and notified the appellant it appeared that she made an informed and binding election to pursue her removal claim via the EEO complaint process and thus her appeal was prematurely filed. IAF, Tab 9 at 5. The appellant disagreed and demanded that the Board adjudicate her appeal.[3] *Id.* The administrative judge ordered the appellant to file evidence and argument to support a finding that the appeal should not be dismissed as prematurely filed. *Id.* at 5-6. The appellant provided the removal decision, which was already in the record, but no other evidence or argument. IAF, Tab 10. Therefore, the administrative judge issued an October 1, 2024 initial decision dismissing her appeal as prematurely filed. IAF, Tab 13, Initial Decision (ID) at 1, 5.

The appellant filed a petition for review, asserting that the agency retaliated against her for filing an EEO complaint.[4] Petition for Review (PFR)

---

[2] The appellant identified the actions at issue as a 30-day suspension, a performance appraisal, the denial of a within-grade increase, and a removal. IAF, Tab 9 at 1. The appellant's 30-day suspension and the denial of a within-grade increase were separately adjudicated in *Robinson v. Department of Veterans Affairs*, MSPB Docket Nos. DC-0752-24-0652-I-1 and DC-531D-24-0874-I-1. During the pendency of this appeal, the administrative judge informed the appellant that, if she established jurisdiction over the denial of a within-grade increase, he may consider her allegations pertaining to her performance appraisal. IAF, Tab 9 at 2. The administrative judge dismissed her appeal of the denial of a within-grade increase for lack of jurisdiction. *See Robinson v. Department of Veterans Affairs*, MSPB Docket No. DC-531D-24-0874-I-1, Initial Decision (Oct. 1, 2024).

[3] To the extent the appellant alleged that she did not intend to amend her EEO complaint, the record does not reflect that the appellant objected to the agency's letter accepting the amendment of her complaint to include a removal claim, despite being afforded the opportunity to do so. IAF, Tab 6 at 7.

[4] In the acknowledgment letter, the Office of the Clerk of the Board noted that the appellant confirmed that her October 17, 2024 filing should be processed as a petition

File, Tab 1 at 2. She attached emails between herself and an agency attorney regarding her settlement request. *Id.* at 6. The agency filed a response. PFR File, Tab 3. After the period for filing a timely reply, the appellant submitted additional pleadings, including one in which she requested the withdrawal of her petition for review. PFR File, Tab 9. However, she subsequently reversed course, leaving her petition pending. PFR File, Tab 12.

## DISCUSSION OF ARGUMENTS ON REVIEW

When, as here, an employee has first timely filed a formal complaint of discrimination with the agency, an appeal to the Board may be filed within 30 days after the employee receives a final agency decision (FAD) on the discrimination issue. 5 C.F.R. § 1201.154(b)(1). Alternatively, if the agency has not resolved the employee's discrimination claim or issued its FAD within 120 days, an appellant may file an appeal with the Board anytime thereafter. 5 C.F.R. § 1201.154(b)(2). Therefore, because the appellant filed her Board appeal before either the issuance of the agency's FAD, or the passage of 120 days, the administrative judge correctly found that the appellant's Board appeal was premature. ID at 2-3; *see Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 13 (2014) (explaining that an appellant who first filed a timely formal complaint of discrimination is precluded from filing a Board appeal challenging the same agency action prior to either the issuance of the agency's FAD or the passage of 120 days).

The Board's practice is to adjudicate an appeal that was premature when filed but ripens while pending before the Board. *Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 6 (2016); *Augustine v. Department of Justice*, 100 M.S.P.R. 156, ¶ 9 (2005). The instant appeal ripened on December 11, 2024, i.e., 120 days after the appellant's August 13, 2024 amendment of her EEO complaint.

for review in MSPB Docket Nos. DC-0752-24-0829-I-1 and DC-0752-24-0652-I-1. PFR File, Tab 2 at 1 n.1. It is not clear whether her arguments are directed toward this matter or the other matter.

Therefore, because 120 days have passed, the appeal is now ripe for adjudication. *See* 5 C.F.R. § 1201.154(b)(2).

Given this ripening, we might ordinarily remand this appeal to the regional office for further adjudication. *Kozak v. Department of Health and Human Services*, 90 M.S.P.R. 398, ¶¶ 7-8 (2001); *see Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 9 (2010) (remanding an individual right of action appeal that, although premature when initially filed, ripened while pending before the Board). But we need not do so at this point because, while the appellant's petition for review in this appeal was pending, the agency issued its FAD and the appellant filed a new ripe appeal. *Robinson v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-25-2776-I-1, Initial Appeal File, Tab 1 (initial appeal pleading), Tab 35 (prehearing summary identifying the appeal as one stemming from a final agency decision, dated June 6, 2025, regarding matters that included the appellant's August 23, 2024 removal). Accordingly, we affirm the initial decision in this matter, in which the administrative judge rightly dismissed what was at that point a premature appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:              _____
                           Gina K. Grippando
                           Clerk of the Board

Washington, D.C.